■   In the Matter of JOYCE F. TOBIN, Respondent, v. SECURITY TRUST COMPANY OF ROCHESTER, NEW YORK, as Committee of the Property of FREDERICK M. TOBIN, JR., an Incompetent Person, Appellant.— Order unanimously modified by reducing the sum to be paid to petitioner for her support and the support of her children to the amount of $15,000 a year and by reducing the allowance to petitioner's attorneys to $1,000 and expenses, and as so modified affirmed, without costs of this appeal to either party.   Memorandum: The allowance of $21,000 a year to the wife and children of the incompetent was excessive.   Many rules enter into the determination of a matter such as this.   One of them is a consideration of the manner in which the incompetent might have continued to support his wife and children if he had remained sane, but that is only one factor to be considered, and Special Term overemphasized it in arriving at a determination.   Furthermore, Special Term's presumption that the trustees and a majority of the incompetent's sisters would modify or revoke in whole on in part the trust agreement from which the incompetent now receives only the income was unjustified.   This is particularly so where, on the motion to rehear and reargue, each sister said in a positive and unequivocal way that she would not do anything to revoke the trust so that the principal could be depleted.   Each said that she felt that the petitioner " is extremely extravagant and spends unnecessarily ".   The amount of $2,500 allowed for attorneys' fees is excessive and should be reduced to $1,000.   (Appeal from order of Monroe Special Term directing respondent as committee to pay petitioner allowance for support and expenses.)   Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■   In the Matter of JOYCE F. TOBIN, Respondent, v. SECURITY TRUST COMPANY OF ROCHESTER, NEW YORK, as Committee of the Property of FREDERICK M. TOBIN, JR., an Incompetent Person, Appellant.— Order of December 12, 1963 granting counsel fees in the amount of $150 unanimously affirmed, without costs of this appeal to either party.   Appeal from order of December 12, 1963, denying reargument dismissed, without costs, as academic. (Appeal from order of Monroe Special Term denying motion of respondent to reargue and rehear the matter; also, appeal from order granting counsel fees.)   Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■   LAURA HUNT, Respondent, v. KARL E. SCHULTZ, Individually and as Executor of MARIE L. SCHULTZ, Deceased, Appellant.   (Action No. 1.) — Judgment and orders unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.   Memorandum: The verdicts in favor of each of these plaintiffs are totally irreconcilable and inconsistent.   Contributory negligence is conduct on the part of a plaintiff which falls below the standard to which he should conform for his own protection (Restatement, Torts, § 463).   Where, as here, there is one accident and a continuous course of conduct on the part of a driver of a vehicle, a jury determination that that driver violated a duty to another of necessity includes a finding that the same driver violated the duty owed to himself for his own protection.   (Appeal from judgment of Erie Trial Term in favor of plaintiff in an automobile negligence action; also, appeal from order denying motion for a new trial and appeal from order denying motion under Civ. Prac. Act, § 457-a.)   Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.